# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**915 SLR LLC and ELLIS ABIDE,**

        **Plaintiffs,**

**v.**                                      **Case No:  6:13-cv-1630-Orl-31DAB**

**CITY OF ALTAMONTE SPRINGS and**
**FRANKLIN W. MARTZ, II ,**

        **Defendants.**

_____

## ORDER

    This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 3) field by the Defendants and the Response in opposition (Doc. 14) filed by the Plaintiffs.

### I.      Background

    According to the allegations of the Complaint (Doc. 2), which are accepted in pertinent part as true for purposes of resolving this motion, Plaintiff Ellis Abide ("Abide") is the Managing Member of Plaintiff 915 SLR LLC ("915 SLR"), which owns a piece of property in Altamonte Springs.   (Doc. 2 at 2).   At a November 10, 2011 hearing, the Altamonte Springs Code Enforcement Board found that the property was not in compliance with the Altamonte Springs Land Development Code.  (Doc. 2 at 5).  915 SLR was given until February 28, 2012 to correct the violations.  (Doc. 2 at 6).  On February 29, 2012, an inspector determined that at least some of the violations had not been remedied.  (Doc. 2 at 6).  At a July 12, 2012 hearing, the Code Enforcement Board ordered 915 SLR to pay a fine of $100 a day from February 29, 2012 until the remaining violations were corrected, and imposed a lien on the property.  (Doc. 2 at 6).

The Plaintiffs took some steps to remedy the remaining violations.  (Doc. 2 at 6-7).  At a hearing in February 2013, Abide asked the Board of City Commissioners to forgive the fine that had been imposed by the Code Enforcement Board.  (Doc. 2 at 7).  At the hearing, Defendant Franklin Martz II (henceforth, "Martz"), the City Manager of Altamonte Springs, told the commissioners that Abide was unwilling to correct the code violations.  (Doc. 2 at 7).  The City refused to fully forgive the fine, but offered to forgive part of the fine, upon certain conditions. (Doc. 2 at 7).

On September 25, 2013, the Plaintiffs filed the instant suit.  In the Complaint, the Plaintiffs asserted claims for defamation (Count I), violation of Florida Statute §162.09 (Count II), a Section 1983 claim for denial of procedural due process (Count III), inverse condemnation under the United States Constitution and the Florida Constitution (Count IV), and slander of title (Count V). On October 21, 2013, the Defendants removed the case to this court.  They also filed the instant motion, seeking to dismiss all five counts for failing to state a claim upon which relief may be granted.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most

favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis**

**A.  Count I – Defamation**

In Count I, Abide alleges that he was defamed by Martz during the Board of City Commissioners meeting in February 2013. Specifically, Abide contends that Martz's statement that Abide was unwilling to remedy the code violations at issue was defamatory. Martz argues that the statements were absolutely privileged. The question of whether allegedly defamatory

statements are privileged is a question of law for the court.  *Resha v. Tucker*, 670 So.2d 56, 59 (1996).

Under Florida law, executive-branch officials are absolutely privileged as to defamatory publications made in connection with the performance of the duties and responsibilities of their office to the same extent as such absolute immunity is afforded to members of the legislative and judicial branches of government.  *McNayr v. Kelly*, 184 So.2d 428, 433 (Fla. 1966).  Abide contends that the statement about his willingness to remedy the code violations falls outside Martz's duties and responsibilities as City Manager, as it was a personal attack.  Regardless of how Abide perceived the statement, the issue of a property owner's willingness to remedy code violations obviously falls within the scope of the duties and responsibilities of a city manager.  Accordingly, Martz's statement is absolutely privileged, and Count I will be dismissed with prejudice.

### B.  Count II – Fla. Stat. § 162.09

Florida Statute § 162.09 governs the imposition of fines by municipal code enforcement boards.  The Plaintiffs argue that, in imposing the fine against 915 SLR, the City failed to consider the factors set forth in that statute.  However, Fla. Stat. § 162.09 does not provide for a private right of action.  Accordingly, Count II will be dismissed with prejudice.

### C.  Count III – Section 1983

In Count III, the Plaintiffs contend that they were not provided proper notice of one particular alleged violation – a failure to maintain a site plan – before the City ordered 915 SLR to correct it.  This failure of notice, according to the Plaintiffs, denied 915 SLR "a meaningful opportunity to prepare and be heard by a fair and impartial decision-maker," thereby violating 915 SLR's constitutional right to procedural due process.

However, as the City points out, to state claim for a procedural due process violation, it is not enough for the Plaintiff to simply allege that it was deprived of life, liberty, or property:

> The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

*Zinermon v. Burch*, 494 U.S. 113, 126 (1990).  915 SLR attempts to satisfy this requirement by alleging, in the Complaint, that the City's "Comprehensive Plan and Code of Ordinances" does not provide for an administrative remedy or an appeal of the order.  However, as the City points out, the Florida Rule of Appellate Procedure do provide for an appeal of such an order.  *See* Fla.R.App.P. 9.110 and Fla.R.App.P. 9.030.  Because state law provides for an appeal of the order at issue, and there is no allegation that the state-provided remedy is constitutionally inadequate, the Plaintiffs have failed to state a claim for denial of procedural due process.  Count III will be dismissed.

### D.  Count IV – Inverse Condemnation

The Plaintiffs allege, in Count IV, that the fine and the imposition of an (allegedly) improper lien by the City constitutes a regulatory taking under the Fifth Amendment to the United States Constitution and inverse condemnation under the Florida Constitution.  However, the Fifth Amendment inverse condemnation claim is subject to a ripeness requirement:

> Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.

*Williamson County Reg'l Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985).  In their complaint, the Plaintiffs allege that "either no adequate remedy exists for [the failure to pay just compensation], or the availability of a state remedy is legally irrelevant and/or is cured by the bringing of this action in state court."  (Doc. 2 at 13).  The Plaintiffs argue that for purposes of this motion, the Court is obligated to accept this as true.  However, the Plaintiffs provide no factual support for this cursory statement.   Moreover, the Court is not required to accept legal conclusions masquerading as facts.  *Davila*, 326 F.3d at 1185.  Because the Plaintiffs have failed to allege that they have attempted to avail themselves of the state procedure for seeking just compensation for the alleged taking, the Fifth Amendment claim will be dismissed.

Art. 10, Section 6 of the Florida Constitution provides that "[n]o private property shall be taken except for a public purpose and with full compensation thereof paid to each owner".  Relying on this language, the City seeks dismissal of the state-law inverse condemnation claim on the grounds that the Plaintiffs have not alleged that the property at issue was taken for a public purpose.  However, the City cites to no case standing for the proposition that such an allegation is an indispensable requirement to state a claim for inverse condemnation.

Nonetheless, the Court finds that the Plaintiffs have failed to state such a claim.

> 'Inverse condemnation has been defined as the popular description of a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency.

*Kirkpatrick v. City of Jacksonville Through Dept. of Hous. & Urban Dev.*, 312 So. 2d 487, 488 (Fla. 1st DCA 1975).  In the instant case, despite a *pro forma* assertion to the contrary, 915 SLR has not alleged that the government has actually taken the property; even if the fine and/or lien are improper, 915 SLR remains as free to make use of the property today as it did prior to their imposition.  Proof that the governmental body has effected a taking of the property is an

essential element of an inverse condemnation action.  *Kendry v. Division of Admin.*, 366 So.2d 391, 393-94 (Fla.1978).  Accordingly, Count IV will be dismissed.

### E.  Count V – Slander of Title

Florida Statute § 768.28  governs the state's waiver of sovereign immunity for tort claims – such as claims for slander of title -- against itself or its subdivisions.  Among other things, the statute provides that an action "may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency … within three years after such claim accrues and the Department of Financial Services or the appropriate agency denies such claim in writing".  Fla. Stat. § 768.28(6)(a).

The Plaintiffs, relying on *Askew v. County of Volusia,* 450 So. 2d 233 (Fla. 5th DCA 1984), argue that filing suit before filing the required notice is not necessarily grounds for dismissal. However, in *Askew*, although the plaintiff had not provided notice prior to filing the initial suit, it had provided proper notice prior to filing its amended complaint.  *Id.* At 235.  Because of this, the Court found that the amended complaint could not be dismissed for lack of notice.  *Id.*  In the instant case, it is undisputed that the Plaintiffs have not yet provided proper notice.  Accordingly, Count V will be dismissed.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 3) is **GRANTED**.  Counts I and II are **DISMISSED WITH PREJUDICE**.  Counts III through V are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties