**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**915 SLR LLC,**

      **Plaintiff,**

**v.**                                                       **Case No:   6:13-cv-1630-Orl-31DAB**

**CITY OF ALTAMONTE SPRINGS,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 28) filed by the Defendant, City of Altamonte Springs (the "City") and the response in opposition (Doc. 34) filed by the Plaintiff, 915 SLR, LLC (henceforth, "915 SLR").

According to the allegations of the Amended Complaint (Doc. 25), which are accepted in pertinent part as true for purposes of resolving the instant motion, 915 SLR owns a piece of real property in Altamonte Springs. On July 12, 2012, the City "imposed a lien on" the property in the amount of $27,031.87, purportedly as the result of "code violations". (Doc. 25 at 2-3). The City alleged three code violations as a basis for imposition of the lien: trash on the property, tree removal without a permit, and non-compliance with a site plan. (Doc. 25 at 3). In the Amended Complaint, 915 SLR asserts three claims against the City: "Inverse Condemnation/Takings" (Count I); Slander of Title (Count II); and a Section 1983 claim for "Substantive Due Process Violation – Grossly Excessive Fine" (Count III).

The Defendant points out that it is difficult to determine whether the Plaintiff is attempting in Count I to assert an inverse condemnation claim or a regulatory takings claim. In its response, the Plaintiff never addresses the point; however, the Plaintiff does cites to statutes dealing with

inverse condemnation rather than regulatory takings, so apparently the former is the type of claim the Plaintiff intended to assert. In either case, such claims are subject to a ripeness requirement, as the Constitution does not prohibit all governmental appropriation of property – it only prohibits the government from doing so without just compensation. *See, e.g., Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (where government provides adequate procedure for seeking just compensation, property owner cannot claim a violation of the Just Compensation Clause until it uses that procedure unsuccessfully). In its response, the Plaintiff does not assert that the state lacks such a procedure, or that the state-provided procedure is inadequate. Rather, Plaintiff argues that Florida Statute §253.763(2), which permits individuals aggrieved by the denial or granting of a permit to proceed to state court, somehow trumps the ripeness requirement described above. This argument does not merit discussion. Count I will be dismissed as unripe.

Count II, which asserts a claim for slander of title, sounds in tort. The State of Florida has waived its sovereign immunity in tort actions, but only to the extent set forth in Fla. Stat. §768.28. That statute requires that any such claim must be presented to the appropriate entity, and denied, before any action on the claim may be brought. Fla. Stat. § 768.28(6)(a). The Plaintiff argues that the Eleventh Circuit's decision in *Hattaway v. McMillian*, 903 F.2d 1440 (11th Cir. 1990), excuses it from having to abide by the notice requirement of Section 768.28. In that case, however, the Plaintiff had provided the necessary notice before filing her complaint but had failed to wait for the denial. In this case, there is no allegation that any notice has been provided. Count II will be dismissed without prejudice.

The City seeks dismissal of Count III on the grounds that the Plaintiff has failed to state a claim for violation of its substantive due process rights. However, although clumsily labeled,

Count III attempts to assert a violation of the Eighth Amendment's prohibition on excessive fines rather than a violation of the Fourteenth Amendment's due process clause. Accordingly, this effort to dismiss Count III must fail.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 28) is **GRANTED IN PART AND DENIED IN PART**. Count I and II are **DISMISSED WITHOUT PREJUDICE**. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 25, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party