# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**915 SLR LLC,**

      **Plaintiff,**

**v.**                                                                   **Case No:   6:13-cv-1630-Orl-31DAB**

**CITY OF ALTAMONTE SPRINGS,**

      **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Judgment on the Pleadings (Doc. 39) filed by the Defendant, City of Altamonte Springs (the "City") and the response (Doc. 42) filed by the Plaintiff, 915 SLR LLC ("915 SLR").   The Defendant seeks judgment on the pleadings as to Count III of the Amended Complaint (Doc. 26), the only remaining count.   In Count III, the Plaintiff asserts a Section 1983 claim, alleging that the City violated the Eighth Amendment's ban on the imposition of excessive fines.

### I.   Background

According to the allegations of the Amended Complaint (Doc. 26), which are accepted in pertinent part as true for purposes of resolving the instant motion, 915 SLR owns a parcel of real estate in Altamonte Springs.   On July 12, 2012, the City "imposed a lien" on that property "for the sum of $27,031.87" as a result of three alleged code violations: "that trash was scattered about the property at issue; (2) tree removal without a permit; and (3) non-compliance with an alleged site plan."   (Doc. 26 at 2-3).   According to 915 SLR, the City accomplished the imposition of this lien by way of an "Order Imposing Fine and Lien" (the "Order").   (Doc. 26 at 5).   915 SLR alleges that the Order is "devoid of findings relating to the gravity of the alleged violations,

Plaintiff's good-faith actions to repair any violations, and Plaintiff's record of zero violations." (Doc. 26 at 5).   "The fine and lien imposed by Defendant are therefore grossly excessive when compared to the nature of the alleged violations."   (Doc. 26 at 5).   915 SLR does not include any factual assertions regarding the alleged violations, such as how much trash was scattered about the property or how many trees were removed.   The Amended Complaint also does not include any allegations as to the value of the property at issue.

### II.     Standards

Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.   *See Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir.1998) (citing *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)); see also Rule 12(c), Fed.R.Civ.P.   In deciding a motion for judgment on the pleadings, the court is obligated to accept the facts in the complaint as true and to view them in the light most favorable to the nonmoving party.   See *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir.1996) (citing *Swerdloff v. Miami Nat'l Bank*, 584 F.2d 54, 57 (5th Cir.1978)).

### III.    Analysis

915 SLR never actually compares the amount of the lien imposed with the (alleged) activity that led to its imposition or with the value of the property upon which it was imposed. The allegation that the lien was "grossly excessive" rests solely on an allegation that the Order used by the City to impose the lien contained no findings as to the Plaintiff's conduct.   Such an allegation, even if proven to be true, would not be enough to support a determination that the lien was so excessive as to violate the Eighth Amendment.   And the Plaintiff has alleged nothing else.

In addition, the City contends in its motion that the amount of the code enforcement fine underlying the lien fell within the limits set by Florida Statute § 162.09. In its response, 915 SLR does not dispute this contention.[1] There is a strong presumption that the amount of a fine is not unconstitutionally excessive if it lies within the range of fines prescribed by the legislature. *Moustakis v. City of Fort Lauderdale*, 338 Fed. Appx. 820, 821 (11th Cir. 2009) (dismissing Section 1983 Eighth Amendment claim where daily amount of fine imposed fell within limits set by Fla. Stat. §162.09, even though cumulative total of fine was more than triple the value of the property at issue).

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Judgment on the Pleadings is **GRANTED**. The Clerk is directed to enter judgment in favor of the City of Altamonte Springs and against the Plaintiff as to Count III and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Although the Amended Complaint is silent on this point, the original Verified Complaint included an assertion that the City had imposed a fine in the amount of $100 per day until the alleged violations were corrected. (Doc. 2 at 6). Florida Statute § 162.09, which empowers local governmental entities to impose fines for code violations, provides that fines should not exceed $250 per day for first offenders.